UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRIDGET PARKER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00216-GZS |
| | ) | |
| JOSHUA DALL-LEIGHTON, et als. | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**MOTION TO DISMISS OF DEFENDANTS SCOTT LANDRY, RANDALL LIBERTY, JOSEPH FITZPATRICK AND STATE OF MAINE**

Pursuant to Rule 12(b)(6) of the Maine Rules of Civil procedure, defendants Randall Liberty, Scott Landry, Joseph Fitzpatrick and the State of Maine hereby move to dismiss the complaint as to them.  As grounds for this motion, defendants state that the complaint fails to allege facts sufficient to establish any liability on the part of the individual defendants and that the State of Maine is not a proper party to this case.

**Memorandum in Support of Motion**

**Facts**

At the time of the events alleged in the complaint, the plaintiff, Bridget Parker was a prisoner in the custody of the Department of Corrections and was housed at the Southern Maine Reentry Center.  Parker alleges that, during this time, she developed a sexual relationship with a corrections officer, defendant Joshua Dall-Leighton.  Nearly the entire 210-paragraph complaint details the events leading up to and occurring during the course of this alleged relationship as well as the injury Parker claims to have sustained as a result of it.

As to the individual defendants, plaintiff alleges the following facts:

1

Defendant Landry is the warden of the Maine Correctional Center.  Defendant Liberty is the warden of the Maine State Prison.  Defendant Fitzpatrick is the Commissioner of the Department of Corrections.  (Complaint, ¶¶ 5-6, 8).  Plaintiff alleges that all three of these defendants exercised "oversight and control" over the Reentry Center.

Also named as a defendant is Renee Shanks, formerly employed as a corrections officer at the Reentry Center.  Parker claims that she confided in Shanks about the affair with Dall-Leighton (Complaint, ¶ 69), but that Shanks made no effort to disclose Dall-Leighton's sexual misconduct to anyone.  (Complaint, ¶ 98).  Eventually, Parker disclosed the relationship to another prisoner, who reported the disclosure to authorities, who in turn started an investigation. The investigation resulted in Dall-Leighton's indictment.  (Complaint, ¶¶ 122, 148.)

Parker also alleges (on information and belief) that at some unspecified time, Dall-Leighton's employment was suspended during an investigation into allegations of inappropriate sexual conduct by another officer.  Parker alleges that Dall-Leighton was this officer's best friend, but Dall-Leighton's connection to this investigation or the reason for the alleged suspension is not otherwise explained. (Complaint, ¶ 62.)

Parker alleges in conclusory fashion that defendants Landry, Liberty and Fitzpatrick knew or should have known that defendant Dall-Leighton had been suspended during the investigation into his friend, "which should have given rise to suspicions regarding defendant Dall-Leighton…" (Complaint, ¶¶ 158, 162.)

The complaint sets forth 13 counts:  Assault and Battery; Negligence; Fraudulent Misrepresentation; Negligent Misrepresentation; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Civil Conspiracy; two counts of Conspiracy to Interfere with Civil Rights; Punitive Damages violation of Due Process; Violation of Fourth,

2

Fifth and Eighth Amendments as well as state constitution; and False Arrest, False Imprisonment and Invasion of Privacy.  Aside from the allegation that these defendants knew or should have known of Dall-Leighton's prior employment suspension, there are no additional facts alleged to support a connection between the claims in the complaint and the actions of these defendants.


**Argument**

**1.  The facts alleged in the Complaint are not sufficient to establish any liability on the part of defendants Landry, Liberty and Fitzpatrick.**

It is "undisputed" that liability under 42 U.S.C. § 1983 cannot be established solely on a theory of *respondeat superior*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).  "Absent vicarious liability, each Government official his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.*  In assessing whether a complaint adequately makes out a claim of supervisory liability, the court must disregard mere legal conclusions and accept as true only well- pleaded facts.  *Sanchez v. Pereira-Castillo*, 590 F. 3d 31, 49 (1st Cir. 2009).  Dismissal of supervisory defendants is appropriate where the complaint "…does little more than assert a legal conclusion about the involvement of the administrative defendants in the underlying constitutional violation." *Id.*  Rather, the facts alleged must demonstrate an affirmative link between the behavior of the subordinate and the actions of the supervisor, such that the supervisor's conduct led inexorably to the subordinate's violation.  *Feliciano-Hernandez v. Pereira-Castillo*, 663 F. 3d 527, 534 (1st Cir. 2011).  Thus, conclusory allegations that a supervisory official failed to assure adequate monitoring, discipline, training and supervision, even when coupled with an allegation that such failure was done with deliberate indifference or reckless disregard of the plaintiff's rights, are not sufficient to withstand dismissal.  *Id.;* c.*f.*,

*Hernandez v. Castillo,* 2010 WL 3372527, *9 (D.P.R.), *aff'd.,* 663 F. 3d 527 (complaint

dismissed where it parroted supervisory standards with little or no factual enhancement tying

defendant to plaintiff's constitutional injury.)

To prove a claim under 42 U.S.C § 1985, plaintiff must show 1) a conspiracy; 2) the

purpose to deprive plaintiff of equal protection of the law; 3) an overt act in furtherance of the

conspiracy; and 4) injury to the plaintiff or his property. *Sepulveda v. U. Mass. Correctional*

*Health Care*, 160 F. Supp. 2d 371, 387 (D. Mass. 2016).  The equal protection element requires

facts that show racial or other class-based, invidiously discriminatory animus behind the

conspirators' actions. *Id.*  Prisoners do not constitute a protected class. *Id.*  Where a complaint

neither elaborates nor substantiates bald assertions that certain defendants conspired with one

another, dismissal is appropriate. *Slotnick v. Garfinkle*, 632 F. 2d 163, 165 (1st Cir., 1980).

Under the provisions of the Maine Tort Claims Act, government employees are

absolutely immune from suit for performing or failing to perform any discretionary function or

duty.   14 M.R.S.A. § 8111.  This immunity covers an employee's discretionary conduct unless

the conduct is so egregious as clearly to exceed any discretion the employee could have

possessed in the circumstances. *Berube v. Conley*, 506 F. 3d 79, 86 (1st Cir. 2007).

Prison officials can be held liable for failing to protect an inmate from assault only if they

are deliberately indifferent to a known risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825

(1994).  Under the Supreme Court's formulation, to be found deliberately indifferent, "…the

official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  Plaintiff must show

that defendants "…are knowingly and unreasonably disregarding an objectively intolerable risk

of harm." *Id. at 846.*

To the extent that the complaint attempts to posit the liability of defendants Landry, Liberty and Fitzpatrick solely on the allegation that they exercise "oversight and control" over the Reentry Center, this is tantamount to a claim of vicarious liability and is insufficient to prove a constitutional violation on the part of these defendants.  Absent facts upon which the court could conclude that these defendants participated in, directed or condoned the alleged conduct of Dall-Leighton and Shanks, the complaint fails to make out a claim of a violation of either the federal or state constitution by these defendants.[1]

To the extent that plaintiff asserts constitutional claims based on defendants' alleged knowledge of Dall-Leighton's employment suspension during the investigation of another officer, the complaint likewise fails to make out a claim.  Defendants' claimed failure to protect the plaintiff from the sexual misconduct of Dall-Leighton rises to the level of a constitutional violation only if defendants acted with deliberate indifference to a known risk of serious harm to the plaintiff.  The facts alleged in the complaint leave the court to speculate as to why Dall-Leighton was suspended, what information was known to the defendants and whether allowing Dall-Leighton to return to his job constituted an obvious risk of harm to the plaintiff.  There are simply no facts from which the court could infer that defendants possessed the requisite state of mind to support liability for violating plaintiff's constitutional rights. Indeed, plaintiff specifically alleges that defendant Shanks failed to inform those in authority of plaintiff's disclosures about her relationship with Dall-Leighton. Certainly, the claim that Dall-Leighton's suspension "should have raised suspicions" does not meet this standard. Similarly, there are no facts from which the court could conclude that these defendants conspired with Dall-Leighton to violate plaintiff's rights under the Constitution.

---

[1] Disposition of a claim under 42 USC § 1983 also controls a claim made under the Maine Civil Rights Act. *Berube v. Conley*, *supra* at 85.

Plaintiff joins state law claims in her complaint, but these are also deficient because they appear to be based solely on the fact that Dall-Leighton had faced an employment suspension at some point in his career with the Department. These allegations do not support an inference that the defendants engaged in any of the intentional, tortious conduct alleged against Dall-Leighton. Even if the court were to infer from the meager information in the complaint that Landry, Liberty and Fitzpatrick were negligent in allowing Dall-Leighton to return to work after being suspended in connection with the investigation into another officer's sexual misconduct, their decision to do so clearly falls within the range of decisional discretion afforded absolute immunity under the Maine Tort Claims Act.

### 2.  The State of Maine is not a proper defendant in this case.

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), the Supreme Court held that neither a state nor its agencies may be sued in any court, federal or state, for a violation of 42 U.S.C. § 1983 because neither the state nor its agencies is a "person" within the meaning of that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. at 64, 70.  In addition, the Eleventh Amendment prevents a state and its agencies from being sued in federal court on any claim, whether based in federal or state law, and regardless of the relief sought. *Id.,* at 66, 70; *Pennhurst State School and Hospital v. Halderman*, 465 U. S. 89, 99-100 (1984).  *See also, Poirier v. Mass. Dept. of Corrections*, 558 F. 3d 92, 97 and n. 6 (1st Cir. 2009) (states and their agencies are entitled to immunity regardless of relief sought.)

The complaint alleges that the state, through the Department of Corrections, manages and operates all of the state correctional facilities.  Because the state as a sovereign entity cannot be

sued in federal court and is not subject to a suit under 42 USC § 1983, it must be dismissed as a

party in this case.

## Conclusion

For the reasons stated above, defendants Landry, Liberty, Fitzpatrick and State of Maine

request that the complaint be dismissed as to them.

July 10, 2017                                                    __/s/  James E. Fortin___
                                                                James E. Fortin
                                                                Assistant Attorney General
                                                                James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the
Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

July 10, 2017                                                    /s/ James E. Fortin
                                                                James E. Fortin
                                                                Assistant Attorney General